McCue, J.
On March 1,1876, the plaintiff recovered judgment against one Nicholas Ehlers for $3,710.60, in the supreme court, city and county of New York, and on the same day he caused a transcript to be filed in Kings county, and issued execution upon said judgment to the defendant, then sheriff of said county, pursuant to which the sheriff made a levy. The defendant had at this time other executions in his hands against the same defendant, upon judgments recovered as follows : City Court of Brooklyn, Henry Behrman v. Nicholas Ehlers, judgment for $873.26, recovered January 31, 1876; execution issued the same' day, and levy made February 1, 1876 ; Supreme Court of Kings county, Raphael Braun v. Nicholas Ehlers, for $3,077.89, recovered February 29, 1876, and execution issued same day.
The property of the defendant in the executions consisted of a large number of milch cows, wagons, some horses, harness, etc., being the general outfit of a milk dairy. The sheriff advertised the sale of the *318 property for March 13, 1876. No sale took place on that day and the sale was adjourned to March 20, then to April 7, and again to April 13, on which day a sale was attempted. Some of the property was put up and knocked down to one or more bidders, but the sale was not perfected, and was adjourned because of the service of certain orders staying the sale made in the aforesaid actions. It appears from the evidence that' the orders staying the sale were made and served' before the sale had actually commenced, but the place of sale being quite distant from the sheriff’s office, some time intervened before notice of the stay was given to the deputy in charge of the sale. As soon as the deputy received notice of the stay, he declared that “ the sale was for nothing,” as the order of the court stayed it. It would appear from the testimony that the parcels which had been struck off would, if the sale had been carried out, have realized enough or nearly enough to satisfy all the executions. ,
The sale was adjourned to April 20 and 27. No sale was made, and nothing was done pending the disposition of the orders to show cause, &c., until June 7, when a sale was made, the property realizing a sum sufficient to satisfy the prior executions, and leaving the plaintiff’s execution entirely unsatisfied.
It seems that between April 13 and June 7 large expenses had been incurred in keeping the property, and it was suggested that some of the "property had disappeared, but there was nothing in the case charging the defendant with any specific act contributing to the loss of the property, if there was any.
This action seeks to recover damages for failure to return the plaintiff’s execution within sixty days. The answer admits the formal portions of the complaint denying only the allegation of failure of duty in not returning the execution within the time required by law. After the plaintiff rested, the defendant' was *319 granted leave to amend his answer by setting np: First, that the defendant in the execution had no property out of which the execution could have been satisfied. Second, that the omission to return the execution within sixty days was by direction, of plaintiff’s attorneys.
The plaintiff objected to the amendment and excepted to the decision of the court, and this point forms one of the main points on this appeal.
In addition to this objection to the amendment allowed, the plaintiff claims that the sale made on April 13, was valid, so far as it had proceeded, and that the sheriff is liable to account for the proceeds which he might have realized, and that the defense that there was not property sufficient to satisfy the execution is not sustained..
It is also claimed that the evidence did not sustain the defense, that the failure to return the execution was because, of directions given by the plaintiff’s attorney ; and lastly, that the non-return of the execution entitled the plaintiff to nominal damages in any event, whereas the verdict was for the defendant.
As to the question of the amendment, which the defendant was permitted to make on the trial, we are of opinion that this was a matter within the discretion of the court, and we cannot see that it was exercised to the plaintiff’s injury. The plaintiff was present at the sale of April 13, and communicated the facts which there occurred to his counsel, and he was again present at the sale of June 7, and so also was his attorney. The plaintiff was able to produce on the trial a number of witnesses as to what took place on both days, and was not therefore at any disadvantage in respect to the question as to what property the defendant had and its value. The correspondence which had taken place between the plaintiff’s attorney and the deputy-sheriff in charge of the execution, and the various orders *320 under which the sale had been stayed, were all well known to the parties and were produced on the trial, so that the plaintiff was not taken by surprise on the question as to whether the delay in returning the execution was or was not because of instructions to the sheriff by the plaintiff’s attorney. All the testimony which bore upon these two questions seems to have been at hand, and appears in the printed case, so that it could not be urged that the plaintiff was surprised by that line of defense. Indeed, the objection to the amendment was not placed upon the ground of surprise, but only on the ground that the defenses were new, and that it was not in the power of the court to permit them to be made on the trial. That it was clearly within the power of the court to allow the amendment, see Knickerbocker Life Ins. Co. v. Nelson,* 7 Abb. N. C. 170, and authorities referred to in the note.
We are of opinion also that the orders staying the sale, advertised to take place on April 13, were operative from the time of their service upon the sheriff, and were a sufficient authority to the sheriff to relieve from their bids the persons to whom portions of the property had been, already struck down, before notice of the stay had reached the .deputy in actual charge of the sale.
The evidence upon the question of instruction to the sheriff not to advertise a-sale under the plaintiff’s execution, was sufficient to sustain the verdict. It is not necessary to refer to the correspondence at length. The direct wish contained in the letter of March 20, 1876, was a plain direction not to proceed to sale, and amounts in law to a protection to the sheriff against the charge of failure to perform his duty. The sheriff had made his levy, and was under stay: First, by *321 the order made at special term in Kings county, April 13, 1876, Justice GtILBEKT presiding, which was vacated by an order made at special term, Justice Pkatt presiding, May 10, 1876, with leave to renew motion in the proper county; Second, by the order made at special term in the city and county of New York, Justice Dtkman presiding, May 26, 1876, which was vacated, and order served on June 6, 1876, and on June 86, 1876, at a special term, Justice Donoiitjb presiding, an order was made vacating all stays in the action, which was not served until October 20, 1876. The defendant testifies that his levy was made upon all the personal property which Ehlers owned in the county of Kings, which had come to his knowledge, and that all of this property was sold at the sale of June 7,1876, immediately after the service of the order on the 6th day of June. The present action was commenced about June lo, 1877, and between that date and the date of the last communication made by the plaintiff’s attorney to the defendant, authorizing him to hold his levy but not to sell, it does not appear that this notice was countermanded, or that any request was made to proceed on his levy or return his execution.
The defendant having thus been stayed by order, until after the expiration of the sixty days, "and having received instructions to levy but not to sell, was justified in holding the levy, and is not, we think, liable in this action. This also answers the point raised on the argument, that the plaintiff was entitled in any event to a verdict for nominal damages, because of the non-return of the execution within the sixty days. The sheriff was directed to hold his levy, but not to sell. The sheriff could not hold his levy if he returned the execution. So far as the plaintiff was concerned he had the absolute power to direct the sheriff in regard to the process issued by him. This question was distinctly *322 presented to the jury under proper instructions, and on this point they have decided in the defendant’s favor. We do not feel authorized to disturb their verdict.
In view of the legal effect which we think should be given to the orders to show cause, and to the special directions given to the defendant, we do not think it necessary to discuss the various exceptions which were presented upon the argument.
We are of opinion that the judgment and order appealed from should be affirmed, with costs.
From this decision the plaintiff appealed to the court of appeals.
Lewis Sanders, for plaintiff, appellant.
Benj. F. Tracy, for defendant, respondent.
The Court of Appeals,on appeal from the judgment, affirmed .it without opinion.

 ¡Reported also less fully in 78 N. Y. 137.