## PAGE *v.* VOORHIES.

*(City Court of Brooklyn, General Term.* October 26, 1891.)

1. PLEADING—AMENDMENT.

In an action for broker's commissions for negotiating a contract for an exchange of real estate, the answer set up that the commission was only to be paid in case the exchange was made, and that it was not made because of a mortgage on the property of the other party to the proposed exchange. At the trial, it appeared that the existence of such mortgage was known, at the time of the negotiations, to the clerk who acted for plaintiff. Whether he communicated the fact to defendant was disputed. *Held,* that an amendment of the answer, setting up that plaintiff's clerk did not disclose the fact to defendant, it not appearing that plaintiff was in any respect injured by the amendment, was within the discretion of the court, under Code Civil Proc. N. Y. § 723, permitting, "in furtherance of justice," an amendment which "does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved."

2. FACTORS AND BROKERS—COMMISSION—QUESTION FOR JURY.

The contract of exchange provided that the property of such other party should be, at the time of delivering the deeds, free of all incumbrances except such as were specified. *Held,* that the question whether a failure on plaintiff's part to inform defendant of the mortgage was such a breach of duty as would forfeit any right to compensation was for the jury, as it did not follow, under the circumstances, that, if defendant had known of the mortgage, he would have refused to enter into the contract.

3. TRIAL—SUBMISSION OF ISSUES TO JURY.

Although where, at the conclusion of the evidence on a trial, plaintiff moves for the direction of a verdict in his favor, and defendant moves for the dismissal of the complaint, the court has power to take the case from the jury and decide it, it should not exercise that power if there are decided contradictions in the evidence.

Appeal from trial term.

Action by Alfred R. Page against James W. Voorhies. Plaintiff appeals from a judgment for defendant entered on the verdict of a jury, and from an order denying a motion by him for a new trial. Reversed.

Code Civil Proc. N. Y. § 723, provides: "The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case, or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved."

Argued before VAN WYCK and OSBORNE, JJ.

*A. R. Page,* for appellant.   *C. J. Patterson,* for respondent.

OSBORNE, J.   This action was brought by plaintiff, a real-estate broker, to recover a commission of $250 for having effected a contract of exchange of certain property of defendant for certain property belonging to one Squance. As a result of plaintiff's negotiations, a contract was entered into by which defendant was to convey to Squance certain property at Gravesend, and Squance was to convey to defendant five certain houses on Second street, in the city of Brooklyn, each subject to a mortgage of $4,500.   The answer set up as a defense that the commission was only to be paid in case the exchange was actually consummated; that there was a mortgage of $10,000 on Squance's property, in addition to the five mortgages for $4,500, which mortgage Squance was unable to pay; and that consequently the exchange was not made.   At the trial of the action, it appeared that plaintiff, or his clerk, Ward, who acted for plaintiff in the transaction, knew of the existence of the $10,000 mortgage at the time the negotiations for the exchange were going on, but it was a disputed question as to whether he communicated that information to the defendant.   After the testimony was all in, defendant's counsel asked leave to amend his answer by setting up the further defense that Ward, acting for plaintiff, did not disclose to defendant the fact that there was a $10,000 mortgage on Squance's property.   The amendment was allowed, and plaintiff excepted.   Plaintiff's counsel, at the close of the case, moved that the court direct a verdict for plaintiff, and defendant's counsel moved to dismiss the complaint.   Both motions were denied, and counsel respectively excepted. The court charged the jury that it was the duty of Mr. Ward to disclose the existence of the $10,000 mortgage to defendant.   "If he did not, Mr. Page must suffer for the acts of Mr. Ward, and cannot recover in this action." The court further charged the jury that, if the agreement was that defendant should not be liable for the commission unless the deeds were passed, plaintiff was not entitled to recover, as it was admitted that the deeds never pass d. Plaintiff's counsel excepted to so much of the charge as declared it to be the duty of Mr. Ward to disclose to defendant the fact that the property was incumbered by the $10,000 mortgage.   Defendant had a verdict in his favor, and from the judgment entered thereon, and from an order denying a motion for a new trial, plaintiff appeals.

As to the first point urged by the learned counsel for the appellant, that the learned judge erred in allowing the defendant to amend his answer, we are of the opinion that the amendment was within the discretion of the court, under the provisions of section 723 of the Code of Civil Procedure, and that the discretion was wisely exercised.   We cannot see how the plaintiff was in any respect injured by allowing the amendment.   All the witnesses, as well as the parties, who had any knowledge on this point, were examined and cross-examined on the trial as to whether the existence of the $10,000 mortgage was disclosed to defendant, and we fail to perceive how plaintiff was surprised or misled by allowing the amendment.   *Bernheim* v. *Daggett*, 12 Abb. N. C. 316, affirmed in court of appeals, 84 N. Y. 670; *Cunliff* v. *Canal Co.*, 4 N. Y. St. Rep. 775.   Nor do we think it was error in the learned trial judge to submit the case to the jury.   While it is true that, after plaintiff had moved for a direction of a verdict in his favor, and defendant had moved for a dismissal of the complaint, it was within the power of the court to take the case from the jury, and decide it, yet we do not understand that it is the duty of the court to exercise that power, especially where, as in this case, there were such decided contradictions in the evidence.   A different question, however, presents itself on the plaintiff's exception to that portion of the judge's charge which declared it to be the duty of the plaintiff, or of his clerk, acting for him, to disclose to defendant the existence of the $10,000 mortgage, and that, if he failed to do so, he could not recover.   While we are well aware that the courts require of a broker the exercise of the greatest good faith towards his principal, and that it is his duty to disclose to his principal all material knowledge that

he has relative to the proposed transaction, we cannot say that, as a matter of law, a failure on plaintiff's part to inform defendant of this mortgage was such a breach of duty as would forfeit any right to compensation.　We think, rather, it was a question for the jury to decide as to whether a failure to inform the defendant of the mortgage in question was, under all the circumstances of this case, a breach of the duty which plaintiff owed to defendant, after the jury had been properly instructed as to the duty of the plaintiff in the premises.　It by no means follows that, even if defendant had known of the existence of this mortgage, he would have refused to enter into the contract of exchange.　The contract provided that the Second-Street houses were, at the time of delivering the deeds, to be free of all incumbrances except the $4,500 mortgages, so that defendant would suffer no loss if the $10,000 mortgage was not satisfied before the time arrived to deliver the deeds.　We are therefore of the opinion that the learned trial judge erred in that portion of his charge excepted to, and that for such error a new trial should be granted. Judgment and order denying motion for a new trial reversed, and new trial ordered, with costs to abide the event.